United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 17-10320-NMG |
| Alex Fraga, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Presently before the Court is a motion of defendant Alex Fraga ("Fraga" or "defendant") to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Fraga claims he is entitled to relief due to a violation of his Sixth Amendment right to effective assistance of counsel. For the reasons that follow, defendant's motion will be denied.

## I. Background

In August, 2017, a criminal complaint was filed charging Fraga with one count of Possession of Fentanyl and Heroin with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and one count with Attempted Possession of Fentanyl and Heroin with Intent to Distribute in violation of 21 U.S.C. § 846. The government subsequently filed an information in October, 2017,

charging Fraga with one count of Conspiracy to Distribute Fentanyl and Heroin in violation of 21 U.S.C. § 846 and a forfeiture allegation under 21 U.S.C. § 853.  The charges were brought following an investigation in which it was allegedly discovered that Fraga distributed heroin and fentanyl in the Cape Cod area of Massachusetts and that two of those distributions resulted in non-fatal overdoses.

In November, 2017, Fraga signed a written plea agreement in which he pled guilty to the allegations in the information.  The parties agreed, inter alia, that Fraga's base offense level under the United States Sentencing Guidelines ("USSG") would be increased by four levels pursuant to USSG § 5K2.2 because his actions caused two non-fatal overdoses.  In June, 2019, this Court sentenced Fraga to a term of 131 months imprisonment followed by five years of supervised release.

Fraga now requests that his sentence be vacated pursuant to 28 U.S.C. § 2255 because his counsel Stephen Neyman ("Attorney Neyman" or "plea counsel") rendered ineffective assistance with respect to his guilty plea and sentencing in violation of Fraga's constitutional rights.

II. **Analysis**

   A. **Legal Standard**

Section 2255 enables a prisoner in federal custody to move the sentencing court to vacate, set aside or correct their sentence if, inter alia, it was imposed in violation of the Constitution or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). To be entitled to relief under § 2255, the petitioner bears the burden of establishing the need for relief and must present "exceptional circumstances" that make the need for redress "evident." David, 134 F.3d at 474 (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

A claim of ineffective assistance of counsel, rooted in the Sixth Amendment, may be raised in a motion under § 2255. Rivera-Rivera v. United States, 844 F.3d 367, 372 (1st Cir. 2016). In the context of a guilty plea, a successful claim of ineffective assistance of counsel requires a defendant to show that 1) counsel's representation fell below an objective standard of reasonableness and 2) there is a reasonable probability that but for counsel's errors the defendant would not have pled guilty and would have insisted on going to trial. United States v. Rivera-Cruz, 878 F.3d 404, 410 (1st Cir. 2017) (internal citations omitted). Judicial scrutiny of counsel's performance

"must be highly deferential" and a strong presumption exists that counsel was competent. See Strickland v. Washington, 466 U.S. 668, 689-90 (1984); see also Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (noting that petitioner must show that his "counsel's choice was so patently unreasonable that no competent attorney would have made it") (internal citation omitted).

**B. Application**

**1. Failure to Investigate and Advise**

Fraga asserts multiple arguments with respect to his first two alleged grounds for ineffective assistance of counsel. First, he argues that Attorney Neyman failed to conduct an independent investigation or request sufficient discovery to adequately advise him to plead guilty. Second, Fraga asserts that Neyman failed to investigate the two overdoses of which the government did not have overwhelming evidence of his "but-for" responsibility. Third, Fraga contends that Neyman failed to research the proof of causation required to initiate the 20-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A) and, as a result, he agreed to a four-level enhancement under USSG § 5K2.2 in the plea agreement. Fraga claims that he was not provided "any advice at all" on the causation requirement.

As an initial matter, Fraga does not explain what independent investigation or discovery Attorney Neyman failed to undertake. Without specific facts supporting his claim, Fraga's complaints

> amount to mere "bald" assertions without sufficiently particular and supportive allegations of fact.

Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992) (internal citation omitted).

Nevertheless, Fraga's claim of an insufficient investigation is contradicted by plea counsel's affidavit and the record as a whole. Attorney Neyman states in his sworn affidavit that, although he did not independently investigate the two non-fatal drug overdoses, he was "provided with some detail" of them by the government "at a very early date." Attorney Neyman also affirms that he researched the 20-year mandatory minimum sentence and informed his client "that the safest way to avoid the [mandatory minimum] was to plead guilty to the information and waive indictment." Although counsel admits he has "no specific recollection" of explaining the government's burden of proof with respect to the two overdoses, he recalls discussing with Fraga, prior to his guilty plea, the government's general burden of proving beyond a reasonable doubt all elements of the charge.

Fraga acknowledges that he consulted with his counsel and understood the terms of the plea agreement and how the guidelines applied in his specific case. He also did not object to or seek to correct the record with respect to the government's description of the overdoses despite having the opportunity to do so at his sentencing.

Moreover, Fraga has not shown prejudice from his counsel's allegedly deficient performance. See Janosky v. St. Amand, 594 F.3d 39, 49 (1st Cir. 2010) ("Where, as here, the result of counsel's failure to investigate is wholly speculative, Strickland's prejudice prong is not satisfied."). Even if Fraga had objected to the four-level enhancement during plea negotiations, the government would have sought to impose it at sentencing and the Court concluded there was a sufficient factual basis to warrant the enhancement. Because Fraga would have been facing a guideline range for sentencing of 262 to 327 months had he been convicted at trial, there is no reasonable probability that he would have insisted on going to trial. See United States v. Rivera-Cruz, 878 F.3d 404, 410 (1st Cir. 2017) (rejecting defendant's claim that he would have gone to trial had he known his plea agreement lacked consideration where the court found that the plea agreement provided him substantial benefits).

### 2. Government's Burden

Fraga next contends that his counsel failed to require the government to satisfy its burden of proving that the two non-fatal overdoses resulted in "significant physical injury" attributable to the defendant. Fraga claims that Attorney Neyman advised him to agree to a four-level enhancement to his offense level under the USSG for the overdoses without advising him about the government's burden and without eliciting discovery relative to the government's proof of substantial injury or causation. He adds that the Court did not describe his right to put the government to its proof beyond a reasonable doubt on each element of the crime charged.

Fraga offers no support for his contention of deficient performance, nor of prejudice if it happened. He claims he was prejudiced because, without the "significant physical injury" enhancement under USSG § 5K2.2, the applicable sentencing guideline range was 135-168 months imprisonment instead of 210-262 months with the enhancement. As noted above, however, Fraga would have been facing a sentence of more than 15 years (180 months) without the benefit of the plea and cooperation agreements. Accordingly, Fraga has not met his burden under habeas corpus jurisprudence.

### 3. Sentencing Disparity

Fraga also protests that his counsel failed to object or move for a downward departure based on the disparity in the sentences of his allegedly more culpable co-defendants, Kevin Fraga and James Ramirez. He explains that the government sought an enhancement under USSG §5K2.2 only for him even though all three defendants were similarly situated, to his prejudice. Specifically, while Fraga was sentenced to 131 months imprisonment, Kevin Fraga received a sentence of 45 months and Ramirez received a sentence of 66 months.

The record conclusively demonstrates, however, that Attorney Neyman at sentencing 1) argued for a departure based on the likely sentencing disparity, 2) noted that Fraga's co-defendants were higher up in the drug trafficking organization but that the four-level enhancement under USSG § 5K2.2 had not been applied to them and 3) described the respective sentences as "patently disparate and completely unfair." The Court also specifically cited plea counsel's mitigating arguments when it departed downward from the applicable USSG range. Consequently, Fraga's claim is without merit.

**C. Evidentiary Hearing**

Finally, Fraga requests an evidentiary hearing on the issues he raised in his motion.  The Court concludes, however, that the record provides a sufficient basis for resolving the matter without a hearing. See United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1984) (stating that a court may dismiss a § 2255 petition without a hearing if it is contradicted by the record, inherently incredible or if the petitioner has failed to provide "specific and detailed supporting facts").  As detailed above, many of petitioner's allegations are presented in conclusory fashion or are flatly contradicted by the record. Further, the Court presided over the petitioner's change of plea hearing and sentencing and is thoroughly familiar with the case, rendering an additional hearing unnecessary. See Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988) ("[N]o [evidentiary] hearing is required where the district judge is thoroughly familiar with the case as, for example, when he presides at both a change of plea hearing and sentencing.").

**ORDER**

For the foregoing reasons, the motion of defendant to vacate his sentence pursuant to 28 U.S.C. § 2255 (Docket No. 63) is **DENIED** and his petition is **DISMISSED**.

**So ordered.**

\s\ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 12, 2021