United States District Court
District of Massachusetts

```
_____
                          )
United States of America  )
                          )
         v.               )        Criminal Action No.
                          )        17-10320-NMG
Alex Fraga,               )
                          )
         Defendant.       )
_____  )
```

MEMORANDUM & ORDER

GORTON, J.

On February 12, 2021, this Court dismissed the habeas petition of Alex Fraga ("Fraga" or "defendant").  On March 19, 2021, the First Circuit Court of Appeals ("the First Circuit") directed this Court to issue or deny a certificate of appealability for his petition.  For the following reasons, this Court will deny such a certificate.

I.   **Background**

In November, 2017, Fraga pled guilty to one count of conspiracy to distribute fentanyl and heroin in violation of 21 U.S.C. § 846 for his distribution of narcotics in the Cape Cod area of Massachusetts, which led to two, non-fatal overdoses. Fraga entered into a plea agreement in which the parties agreed, <u>inter alia</u>, that Fraga's base offense level under the United

States Sentencing Guidelines ("U.S.S.G.") would be increased by four levels pursuant to U.S.S.G. § 5K2.2 because his actions caused the two overdoses.  In June, 2019, this Court sentenced Fraga to a term of 131 months imprisonment (which was substantially below the low end of the applicable guideline range) followed by five years of supervised release.

In July, 2020, Fraga filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 contending that his counsel Stephen Neyman ("Attorney Neyman" or "Counsel") rendered ineffective assistance with respect to his guilty plea and sentencing in violation of his constitutional rights (Docket No. 63).  This Court denied that motion and dismissed his petition in February, 2021.

On March 15, 2021, Fraga filed a notice of appeal to the First Circuit.  Shortly thereafter, the First Circuit directed this Court to issue or deny a certificate of appealability.

## II. __Certificate of Appealability__

### A. Legal Standard

Section 2253(c) of Title 28 of the United States Code provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In order to make

a "substantial showing," a petitioner seeking a certificate of appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). To meet the standard of debatable-among-jurists-of-reason the petitioner must prove "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

**B. Application**

In his petition, Fraga raises four claims of ineffective assistance of counsel.  To establish such ineffectiveness, Fraga must show that 1) counsel's performance was deficient in such a manner that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment and that 2) the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Reasonable jurists would not debate whether Fraga's habeas petition should have been decided differently.

First, Fraga argues that Attorney Neyman failed to conduct an independent investigation or request discovery sufficient to

advise him adequately to plead guilty.  As an initial matter,
Fraga fails to explain what independent investigation should
have been conducted or what discovery should have been
requested.  Without specific facts supporting his claim, Fraga's
complaints "amount to mere 'bald' assertions without
sufficiently particular and supportive allegations of fact."
Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992)
(internal citation omitted).

Furthermore, Fraga's investigation claims are contradicted
by Attorney Neyman's affidavit and the record as a whole.
Attorney Neyman stated that he advised Fraga that, based on the
information filed by the government, accepting an agreement to
plead guilty was the best way to avoid the applicable mandatory
minimum.  Notably, Fraga acknowledged under oath that he had
consulted with counsel and understood the terms of the plea
agreement and how the guidelines apply in his specific case.
Fraga cannot demonstrate that Attorney Neyman's alleged failure
to investigate was deficient performance under Strickland.

Second, Fraga contends that Attorney Neyman failed to
investigate the two overdoses or advise Fraga on the causation
requirement for triggering the 20-year mandatory minimum under
21 U.S.C. § 841(b)(1)(A).  That claim, too, is contradicted by
Counsel's affidavit and the overall record.  Attorney Neyman

- 4 -

stated that, although he did not independently investigate the two overdoses, he was "provided with some detail" of them by the government "at a very early date."  He affirmed that he researched the 20-year mandatory minimum sentence and advised Fraga to plead guilty to avoid it.  He recalls discussing with Fraga, before his plea agreement, the government's general burden of proving each element of the charge beyond a reasonable doubt.

In any event, Fraga cannot demonstrate prejudice from Counsel's allegedly deficient performance in that regard.  Even if Fraga had not agreed to the four-level enhancement in the plea agreement, the government would have sought to impose it at sentencing and the Court concluded there was a sufficient factual basis to warrant such an enhancement.  Due to the substantial benefits conferred under the plea agreement, there is no reasonable probability that Fraga would have insisted on going to trial. See United States v. Rivera-Cruz, 878 F.3d 404, 410 (1st Cir. 2017).

Third, Fraga contends that Attorney Neyman did not advise him of the government's burdens nor require the government to satisfy its burden of proving that the two overdoses resulted in "significant physical injury" attributable to defendant such that the four-level enhancement was warranted.  Fraga offers no

support for such contentions.  As noted above, Attorney Neyman affirmed that he discussed with his client the government's general burden of proof for each element of the charge.  Even assuming deficient performance, no prejudice can be shown because defendant would have faced a longer sentence without the benefit of the plea agreement.  Accordingly, Fraga has not met his burden with respect to this claim under <u>Strickland</u>.

Finally, Fraga argues that Attorney Neyman failed to object or move for a downward departure at his sentencing based on the disparity in the sentences of his allegedly more culpable co-defendants.  Fraga explains that the government sought an enhancement under U.S.S.G. §5K2.2 for him but not for other defendants similarly situated, thereby causing a disparity in sentences among defendants to his prejudice.

The record conclusively demonstrates, however, that Counsel at sentencing 1) argued for a departure based on the likely sentencing disparity, 2) noted that Fraga's co-defendants were higher up in the drug trafficking organization but that the four-level enhancement under U.S.S.G. § 5K2.2 had not been applied to them and 3) argued that the potential disparity was "patently . . . unfair."  Consequently, petitioner's claim is unavailing.

Because Fraga cannot demonstrate that he received ineffective assistance of counsel, reasonable jurists would not debate whether his habeas petition was properly dismissed.

**ORDER**

For the foregoing reasons, with respect to Fraga's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, (Docket No. 63), a certificate of appealability is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 29, 2021